UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61467-CIV-ZLOCH

MARC JACOBS TRADEMARKS, LLC and
MARC JACOBS INTERNATIONAL, LLC,

    Plaintiffs,

vs.

DKMARCJACOBSTASKER.COM, et al.,

    Defendants.
_____/

ORDER GRANTING APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION

    THIS MATTER is before the Court on Plaintiffs' Application for Entry of Preliminary Injunction (DE 6) (the "Application for Preliminary Injunction"). The Court has carefully reviewed said Application, the entire court file and is otherwise fully advised in the premises.

    By the instant Application, Plaintiffs Marc Jacobs Trademarks, LLC ("MJT") and Marc Jacobs International, LLC ("MJI") ("Plaintiffs") move for entry of a preliminary injunction against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto and Does 1-10 (collectively "Defendants"), for alleged

violations of the Lanham Act, 15 U.S.C. § 1114 and 1125(a) and (d).

The Court convened a hearing on July 19, 2016, at which only counsel for Plaintiffs was present and available to present evidence supporting the Application for Preliminary Injunction. Defendants have not formally responded to the Application for Preliminary Injunction, nor made any filing in this case, nor have Defendants appeared in this matter either individually or through counsel. Because Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction, the Court will grant Plaintiffs' Application for Preliminary Injunction (DE 6).

I. FACTUAL BACKGROUND

The Court bases this Order on the following facts from Plaintiffs' Complaint (DE 1), Application for Preliminary Injunction (DE 6), and supporting evidentiary submissions.

MJT is the registered owner and MJI is the licensee of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office ("Plaintiffs' Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Goods |
|---|---|---|---|
| MARC JACOBS | 1,967,123 | April 9, 1996 | IC 018; handbags, knapsacks, back packs, tote bags, satchels, clutch bags, sling bags, bucket-shaped bags, waist packs, purses, cosmetic bags, change purses, wallets, key cases<br>IC 025; women's apparel, namely dresses, skirts, blouses, pants, jackets, coats, shoes, scarves, and hats; knitwear, namely sweaters, coats, dresses, skirts, pants, gloves, hats and scarves; belts; bras, panties, teddies, full slips, half slips and hosiery. |

| | | | |
|---|---|---|---|
| MARC BY MARC JACOBS | 3,699,162 | October 20, 2009 | IC 009; Spectacles, sunglasses and spectacle cases<br>IC 014; jewelry articles; jewelry and fashion jewelry, namely, rings, buckles for watchstraps, earrings, cuff links, bracelets, charms, brooches, chains, necklaces, pendants, tie pins, medallions; timepieces and chronometric instruments, namely, watches, watch bands, watchcases, wrist-watches, boxes and cases for clocks and watches<br>IC 018; traveling bags, luggage, garment bags for travel, toiletry cases sold empty, rucksacks, satchels, handbags, beach bags, shopping bags, shoulder bags, carrier bags for suits, animal game bags, waist bags, purses, briefcases, briefcase-type portfolio satchels, pochettes, namely, pocket handbags and wallets, leather pouches, wallets, change purses, key cases, business and credit card cases; umbrellas, parasols<br>IC 022; Clothing and underwear, namely, jerseys, shirts, T-shirts, belts, scarves, ties, shawls, waistcoats, skirts, raincoats, overcoats, braces, trousers, denim trousers, pullovers, dresses, jackets, sashes for wear, gloves, tights, socks, bathing suits, shorts, pocket squares; shoes, boots, slippers; headwear |

| | | | |
|---|---|---|---|
| MARC JACOBS | 4,517,198 | April 22, 2014 | IC 09; Sunglasses; sunglass frames; sunglass cases; eyeglasses; eyeglass frames; eyeglass cases; cases for mobile phones; carrying cases for cell phones; laptop carrying cases; USB hardware; headphones; protective cases for tablet computers; protective covers for tablet computers; electronic book readers; digital book readers; protective sleeves for tablet computers |

See Declaration of Hadrien Huet in Support of Plaintiffs' Application for Preliminary Injunction ("Huet Decl.") ¶ 4. MJI is, in part, engaged in the business of manufacturing and distributing of a variety of luxury goods under Plaintiffs' Marks. Huet Decl." ¶ 5.

Defendants, through the fully interactive commercial Internet websites and supporting domains operating under their individual, partnership, or business association names identified on Schedule "A" hereto (the "Subject Domain Names") have advertised, promoted, offered for sale, and/or sold goods bearing what Plaintiffs have determined to be counterfeits, infringements, reproductions, and/or colorable imitations of Plaintiffs' Marks. See Huet Decl. ¶¶ 9-12; see also Declaration of Virgilio Gigante in Support of Plaintiffs' Application for Preliminary Injunction ("Gigante Decl.") ¶ 2 and Comp. Ex. A.)

5

Although each Defendant may not copy and infringe each of Plaintiffs' Marks for each category of goods protected, Plaintiffs have submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of Plaintiffs' Marks. See Huet Decl. ¶¶ 9-12. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of Plaintiffs' Marks. See Huet Decl. ¶ 9.

Plaintiffs' representative reviewed the various products bearing Plaintiffs' Marks offered for sale via the Internet websites operating under the Subject Domain Names and determined the products were non-genuine, unauthorized versions of Plaintiffs' products. See Huet Decl. ¶¶ 10-12.

On July 3, 2016, Plaintiffs filed their Ex Parte Application for Entry of Temporary Restraining Order and Preliminary Injunction (DE 6). On July 5, 2016, the Court issued an Order Granting Ex Parte Temporary Restraining Order and temporarily restrained Defendants from infringing the Plaintiffs' Marks at issue (DE 7). Pursuant to the Court's July 5, 2016 Order, Plaintiffs properly served each Defendant electronically with a copy of the Ex Parte Application and supporting papers, the Court's July 5, 2016 Order and all filings in this matter. Thereafter, certificates of service were

6

filed confirming service on each Defendant (DE Nos. 9, 10, & 11).

## II. CONCLUSION OF LAW

The declarations Plaintiffs submitted in support of their Application for Preliminary Injunction support the following conclusions of law:

A. Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing counterfeits, reproductions, and/or colorable imitations of Plaintiffs' Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiffs' products that bear copies of Plaintiffs' Marks.

B. Because of the infringement of Plaintiffs' Marks, Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiffs' Complaint, Application for Preliminary Injunction, and accompanying declarations on file, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers because it is more likely true than not that:

7

1. Defendants own or control Internet websites, domain names, or businesses which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiffs' rights; and

2. There is good cause to believe that more counterfeit and infringing products bearing Plaintiffs' trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for their genuine products and an unnatural erosion of the legitimate marketplace in which they operate.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiffs, their reputations and goodwill as manufacturers and distributors of quality products, if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect Plaintiffs' trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiffs' genuine goods.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Application for Preliminary Injunction (DE 6) be and the same is hereby **GRANTED** as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

      a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing Plaintiffs' Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiffs; and

      b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing Plaintiffs' Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing Plaintiffs' Marks, or any confusingly similar trademarks.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiffs' Marks or any confusingly similar trademarks, on or in connection with all Internet websites, domain names, or businesses owned and operated, or

controlled by them including the Internet websites operating under the Subject Domain Names;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiffs' Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by each Defendant, including the Internet websites operating under the Subject Domain Names;

(4) Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5) The domain name registrars for the Subject Domain Names are directed, to the extent not already done, to transfer to Plaintiffs' counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

(6) Upon Plaintiffs' request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information are ordered, to the extent not already done, to disclose to Plaintiffs the true identities and contact information of those registrants;

(7) The domain name registrars for the Subject Domain Names shall immediately, to the extent not already done, assist in changing the registrar of record for the Subject Domain Names to a holding account with a registrar of Plaintiffs' choosing (the "New Registrar"), excepting any such domain names which such registrars have been notified in writing by Plaintiffs have been or will be dismissed from this action, or as to which Plaintiffs have withdrawn their request to immediately transfer such domain names. To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one (1) business day of receipt of this Order, the top-level domain (TLD) registries, for the Subject Domain Names, or their administrators, including backend registry operators or administrators, within five (5) business days of receipt of this Order, shall change, or assist in changing, the registrar of record for the Subject Domain Names to a holding account with the New Registrar, excepting any such domain names which such registries have been notified in writing

11

by Plaintiffs have been or will be dismissed from this action, or as to which Plaintiffs have withdrawn their request to immediately transfer such domain names. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/Jrgkwx/index.html whereon copies of the Complaint and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to **NS1.MEDIATEMPLE.NET** and **NS2.MEDIATEMPLE.NET**, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action are displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on lock status, preventing the modification or deletion of the domains by the New Registrar or Defendants;

(8) As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action or as to which Plaintiffs have withdrawn their request for a preliminary injunction;

(9) Each Defendant shall preserve, and continue to preserve, copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(10) This Order shall apply to the Subject Domain Names, associated websites, and any other domain names and websites properly brought to the Court's attention and verified by sworn affidavit that such new domain names are being used by Defendants for the purpose of counterfeiting Plaintiffs' Marks at issue in this action and/or unfairly competing with Plaintiffs on the World Wide Web;

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Fed. R. Civ. P. 65(c), Plaintiffs shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In

the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice; and

(12) This Order shall remain in effect during the pendency of this action, or until further date as set by the Court or stipulated to by the parties.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of July, 2016.

*[signature]*
WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

Copies Furnished:

All Counsel and Parties of Record

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME**

| Defendant Number | Defendant / Domain Name |
|---|---|
| 1 | dkmarcjacobstasker.com |
| 2 | adidrivingforce.co.uk |
| 3 | alwny.org |
| 4 | aqeme-learning.com |
| 5 | awarenessdrivertraining.co.uk |
| 6 | banzolarussi.it |
| 7 | bbromasangiovanni.it |
| 8 | borsadisconto.cc |
| 9 | borsedonnapelle.it |
| 10 | butiknugga.dk |
| 11 | bypietro.nl |
| 12 | caillou.eu |
| 13 | cebocomputer.de |
| 14 | chinareplicasunglassesss.com |
| 15 | coachandconsult.dk |
| 16 | cossman.net |
| 16 | niesta.net |
| 17 | creativecandids.us |
| 18 | dumpinglohnbuch.de |
| 19 | evdenevebursa.org |
| 20 | expoworldcargo.org |
| 21 | paperlate.it |
| 21 | f4produzione.it |
| 21 | marcjacobsvaska2016.com |
| 22 | fhwco.com |
| 23 | finereplication.com |
| 24 | flirtzwolle.nl |
| 25 | inewstore.nl |
| 25 | inewstore.ru |
| 25 | giuseppe-zanotti.cc |
| 26 | giuseppezanottishoe.com |
| 27 | guesssoldes-sac.com |
| 28 | hawaiiwocn.org |
| 29 | lapalettedeschimeres.fr |
| 30 | lesacoustiques.fr |
| 31 | luxurysbrandbag.com |
| 32 | mais-hakselen.eu |
| 33 | marcbymarcjacobs.us |

| 34 | marcbymarcjacobsoutlets.com |
|---|---|
| 35 | marcbymarcjacobss.com |
| 36 | marcelaamaya.co |
| 37 | marcjacobs.cc |
| 38 | marc--jacobs.com |
| 39 | marcjacobsbagssale.co.uk |
| 40 | marcjacobscheaponline.com |
| 41 | marcjacobsclassicdk.com |
| 42 | marcjacobsdeutschland.de |
| 43 | marcjacobs-handbag.us |
| 44 | marcjacobsoutlet.us |
| 45 | marcjacobsoutlets.us |
| 46 | marcjacobsoutletsstore.com |
| 47 | marcjacobs-sale.com |
| 48 | marcjacobstaskerdk.dk |
| 49 | meteobourgueil.fr |
| 50 | montrescollectionfr.com |
| 50 | soldesmontresfr.com |
| 50 | montrefemmefr.com |
| 51 | moreonly.com |
| 52 | mumscircle.com |
| 53 | netaura.org |
| 54 | norsdraw.co.uk |
| 55 | olinpump.net |
| 56 | outbackwhitetails.com |
| 57 | oxfordcarcare.co.uk |
| 58 | palbert.fr |
| 59 | papatosto.it |
| 60 | planmediatechnologies.com |
| 60 | theoriginalcarwash.com |
| 60 | vdpphotography.com |
| 60 | westlatrojans.com |
| 61 | replicafree.net |
| 62 | repliquemontrevente.fr |
| 63 | restoid.be |
| 64 | rigpa.dk |
| 65 | russocrescenzo.it |
| 66 | sectioncliniquenice.fr |
| 67 | shopuuk.com |
| 68 | srainvestigations.net |
| 69 | strechyvavruskaroedl.eu |
| 70 | swipebuzz.com |
| 70 | tuganpower.com |

| 71 | terzocircoloalba.it |
|---|---|
| 72 | theflicks.de |
| 73 | trade99a.com |
| 74 | twitterpainted.com |
| 75 | tzuyilu.com |
| 76 | vitalethik.de |
| 77 | windombaptist.org |
| 77 | yachtakademie.org |
| 78 | xface.co.uk |